FLORENCE PURYEAR *v.* ANNIE PURYEAR *et al.*

1. CHANCERY PRACTICE. *Bill of review. Affidavit.* A refusal by a Chancellor of leave to file a bill of review, brought upon the ground of newly discovered evidence, is not error, where no affidavit was offered to show that the new matter could not have been produced by the party claiming the benefit of it in the original cause, or that it was relevant or material.

Case cited: 9 Hum., 524.

2. SAME. *Allegation.* Upon an allegation of error apparent, a party has a right to file his bill of review without the leave of the court.

3. DOWER. *Value of buildings.* A widow is dowable out of the whole estate of her deceased husband; and the words "lands" and "estate," meaning the same thing in our statutes, the value of the buildings on the lands is not to be estimated in making the assignment of dower.

Case cited: *Vincent* v. *Vincent,* 1 Heis., 338–9.

Code cited: Secs. 2398, 2403.

FROM WILLIAMSON.

Appeal from Chancery Court. W. S. FLEMING, Ch.

BURKE BOND and T. W. TURLEY for complainant.

WM. HOUSE, guardian *ad litem,* for respondents.

DEADERICK, J., delivered the opinion of the court.

This is a bill of review, offered to be filed by complainant in the Chancery Court at Franklin, to review and reverse a decree of that court, pronounced upon a bill brought by her for the assignment of dower. The bill alleged error apparent on the face of the impeached decree, and newly discovered evidence.

The Chancellor, upon application for leave to file the bill, refused to allow it to be filed, and thereupon, a bill of exceptions, containing the bill, was signed, and the complainant was allowed an appeal to this court.

As a bill of review brought upon the ground of newly discovered evidence, there was no error in the Chancellor's order refusing leave to file it, as no affidavit was offered to show that the new matter could not have been produced or used by the plaintiff, claiming the benefit of it in the original cause, nor that the newly discovered evidence was relevant or material. 9 Hum., 524; Story's Eq. Pl., sec. 412.

Upon the allegation of error apparent upon the face of the decree, a party has the right to file his bill of review without the leave or consent of the court.

The Chancellor in this case heard argument of counsel upon the application for leave to file the bill, and determined and decided that said bill "did not contain any sufficient reason upon its face to authorize the court to grant leave to file said bill." The leave was therefore denied.

41—VOL. 5.

The Chancellor might have refused to allow the bill to be filed to review the decree for newly dis-covered evidence, and have permitted it to be filed for error apparent upon the face of the decree, and this would have been the more proper course. But if, after filing, he was satisfied the bill was insufficient, and could not be maintained, he might have dismissed it upon motion. Practically, the result would be the same if the Chancellor's conclusion as to the insufficiency of the bill was correct, whether his judgment was pronounced upon the application for leave to file, or upon motion made to dismiss after the filing of the bill, for if the bill is insufficient it would be unnecessary to order that the cause should be re-manded, and that it be filed, that it might be immediately thereafter dismissed.

The error alleged upon the face of the decree is that the commissioner's report, assigning dower to the complainants, which is incorporated in the decree, and the decree declare the dower assigned to be one-third in value of the whole real estate of said deceased. The argument is that as the mansion-house is "real estate," its value was estimated in ascertaining the value of one-third of the estate, out of which the widow is dowable, and that complainant is entitled to one-third in value of the "land," including the mansion-house and outbuildings, without estimating their value.

The commissioners, in their report, say that having been appointed "to set apart the dower of Florence A. Puryear in and out of the tracts of land, of which

her late husband, John J. Puryear, died seized and possessed, having met on the premises of the home-stead plan, and being duly sworn, proceeded to ascer-tain the quantity of acres in said homestead place, and in the tracts of barren lands," etc. The report then proceeds to give the number of acres in each of the three tracts, and their boundaries and contains, and after estimating the value of said homestead tract, and the value of the estate of deceased in said tracts of barren land, we proceeded to lay off the dower of said widow out of said homestead tract, so as to in-clude the mansion house therein, and which is bounded as follows, etc. Deceased was owner of undivided half of the two tracts described as "barren lands."

After giving the boundaries of the dower tract, the report concludes, "which we consider and estimate to be one-third in value of the whole real estate of said deceased, and which we set apart and allotted to said Florence A. Puryear, her dower in and out of said lands." The decree following the report decrees a life estate to the widow in "that part of the lands of said deceased allotted to her" as dower.

A bill of review is in the nature of a writ of error. The error to be corrected should be apparent upon the face of the decree, with reasonable clearness. It does not appear that the value of the buildings upon the land was estimated in the allotment of dower to complainant. It is true the terms "real estate and land" were used, interchangably, in the commissioners' report and in the decree, without any intention of conveying an idea by the use of one word different

from that conveyed by the other, for our statutes use
the terms "land" and "estate" as meaning the same
thing. Sec. 2398 of the Code gives the widow's
dower in one-third of all the lands of which her hus-
band was the owner at his death, and sec. 2403 directs.
that the dower be so assigned as to give the widow
"one-third in value of the whole estate."

In making this assignment it had been held by
this court that the value of the buildings is not to
be estimated (1 Heis., 338-9), and the decree in this
case does not show that they were estimated, and it
is affirmed with costs.